Filed 3/18/14  P. v. Dominguez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B247774 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. KA097833) |
| FRANK ANTHONY DOMINGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan C. Dominguez, Judge.  Affirmed as modified.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Frank Anthony Dominguez and his sister attacked Sommer Stewart after she insisted they leave her front porch. Stewart's boyfriend, James Foster, intervened and fought with Dominguez until he and his sister left. Stewart suffered hair loss and injuries to her head and jaw. Two weeks later Dominguez and his sister drove up and challenged Foster to a fight as he was walking to his stepdaughter's school. Dominguez repeatedly struck Foster with a nightstick and physically restrained him while his sister punched and kicked him. Foster fled and contacted police. During a search of Dominguez's bedroom, officers recovered a stolen car key and a stolen car stereo face plate.

In an amended information the People charged Dominguez with one count of assault with a deadly weapon on Foster (Pen. Code, § 245, subd. (a)(1))[1] one count of assault by means likely to produce great bodily injury on Stewart (§ 245, subd. (a)(4)) and one count of receiving stolen property (§ 496, subd. (b)). The information specially alleged as to the aggravated assault on Stewart that Dominguez had personally inflicted great bodily injury (§ 12022.7, subd. (a)). The information specially alleged as to both aggravated assault counts that Dominguez had served two prior separate prison terms for felonies (§ 667.5, subd. (b)).[2] Dominguez pleaded not guilty and denied the special allegations.

A jury found Dominguez guilty of aggravated assault on Stewart and receiving stolen property. It found true the special allegation Dominguez had personally inflicted great bodily injury. The jury was unable to reach a verdict on the charge of aggravated assault on Foster. The trial court declared a mistrial on that count, and the People elected to retry it. Dominguez agreed to waive time for sentencing.

At a pretrial/trial setting conference Dominguez entered a negotiated plea of no contest, both orally and in writing, to assault with a deadly weapon on Foster. Pursuant to the agreement Dominguez would be sentenced to a term, to be determined by the trial

---

[1]     Statutory references are to the Penal Code.

[2]     Dominguez's sister, Kristi Isabel Dominguez, was charged as a codefendant in committing assault with a deadly weapon on Foster. She pleaded no contest prior to trial.

court, to be served concurrently with the sentence imposed for the aggravated assault on Stewart and receipt of stolen property. At the time he entered his plea, Dominguez was advised of his constitutional rights and the nature and consequences of the plea, which Dominguez stated he understood. Defense counsel joined in the waivers of Dominguez's constitutional rights and stipulated to a factual basis for the plea. The trial court expressly found Dominguez's waivers and plea were voluntary, knowing and intelligent. In the same proceeding Dominguez also admitted the two prior prison term allegations.

At sentencing the trial court imposed an aggregate state prison term of seven years, consisting of the upper term of four years for aggravated assault on Stewart, plus three years for the great bodily injury enhancement, and concurrent terms of three years for aggravated assault on Foster and 365 days for receiving stolen property. The court stayed the one-year sentence for each of the prior prison term enhancements. The court awarded presentence custody credit of 371 days (322 actual days and 49 days of conduct credit). The court ordered Dominguez to pay a $40 court security fee and a $30 criminal conviction assessment on each count and a $280 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45.

We appointed counsel to represent Dominguez on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On November 20, 2013 we advised Dominguez he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied Dominguez's counsel has complied fully with his responsibilities and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

Because the one-year enhancement under section 667.5, subdivision (b), must be imposed or struck, the trial court erred in staying Dominguez's prior prison term enhancements. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 [an enhancement for a

3

prior prison term is mandatory unless stricken].)  It appears from the record the court intended to limit Dominguez's sentence to seven years.  We therefore modify the judgment to reflect the court's intent and strike the two section 667.5, subdivision (b), enhancements.

The March 20, 2013 minute order and abstract of judgment show a restitution fine in the amount of $140, rather than $280 as the trial court orally imposed.  Accordingly, we order the minute order and the abstract of judgment corrected to reflect the amount of the restitution fine actually imposed.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 183, 185-188.)

## DISPOSITION

The judgment is affirmed as modified.  The superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation a corrected abstract of judgment that deletes the two one-year prior prison term enhancements and shows a restitution fine in the amount of $280.00.


PERLUSS, P. J.

We concur:


WOODS, J.


SEGAL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4